IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARA L. MOSS,<br><br>    Defendant. | Case No. 12-CR-30305-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On November 6, 2012, Cara L. Moss was charged by indictment with one count of distribution of a controlled substance (Count 1) and one count of maintaining drug-involved premises (Count 2) (Doc. 1). According to the indictment, the offenses occurred in 2012 and involved heroin (*Id.*). Ms. Moss pleaded guilty to both counts, and on April 22, 2013, she was sentenced to 120 months on each count, to run concurrently, followed by a period of supervised release (Doc. 65).

On March 6, 2019, Ms. Moss filed a motion to reduce sentence under Section 404 of the First Step Act of 2018, 115 Pub. L. § 404, 132 Stat. 5194 (enacted Dec. 21, 2018) (Doc. 94). The Court referred the matter to the Federal Public Defender's Office, and Assistant Federal Public Defender Thomas Gabel entered his appearance on Ms. Moss's behalf (Doc. 87). On August 31, 2015, Mr. Gabel moved to withdraw and explained Ms. Moss has no meritorious basis for relief (Doc. 98). The Court Ordered Ms. Moss to show

cause on or before September 5, 2019 as to why Mr. Gabel's motion should not be granted and her motion to reduce be dismissed (Doc. 92). Ms. Moss failed to respond.

## DISCUSSION

Prior to the enactment of the Fair Sentencing Act of 2010, federal drug crime statutes "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 567 U.S. 260, 263 (2012). The Fair Sentencing Act aimed to reduce the crack-to-powder cocaine disparity by increasing the quantity of crack required to trigger enhanced penalties under 21 U.S.C. § 841. Specifically, the Fair Sentencing Act raised the amount necessary to trigger the mandatory ten-year minimum in Section 841(b)(1)(A) from fifty grams to 280 grams, and the mandatory five-year minimum in Section 841(b)(1)(B) from five grams to twenty-eight grams. In 2018, congress passed the First Step Act, which makes the Fair Sentencing Act retroactive to individuals who committed crack-cocaine offenses prior to the enactment of the Fair Sentencing Act and whose sentences would be altered by the lower crack quantities in Section 841. Pub. L. 115-391, 132 Stat. 5194 (2018).

Here, Ms. Moss is not entitled to relief under the First Step Act because her offenses involved heroin and not crack-cocaine. Even if Ms. Moss's offenses did involve crack, she committed the offenses in 2012, after the enactment of the Fair Sentencing Act of 2010. Thus, she would have already received the benefits of the Fair Sentencing Act. Accordingly, the motion to reduce sentence filed by Cara L. Moss (Doc. 86) is **DENIED**, and the motion to withdraw filed by Attorney Thomas Gabel (Doc. 89) is **GRANTED**.

Mr. Gabel is terminated from this case.

**IT IS SO ORDERED.**

**DATED:** September 27, 2019

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**